IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

PINCH A PENNY, INC.,

      Plaintiff,

vs.

SR & JG, INC., D/B/A POOLSIDE
POOL SUPPLY, SUSAN RUSSELL,
AND JOHN GREIM,

      Defendants.
_____/

CASE NO.: 15-80067-CIV
(MARRA/MATTHEWMAN)

## DEFENDANTS' MOTION IN LIMINE TO EXCLUDE TESTIMONY OF WITNESS NOT TIMELY DISCLOSED AND TO AND LIMIT SCOPE OF TESTIMONY OF WITNESS

COME NOW the Defendants, SR & JG, INC., D/B/A POOLSIDE POOL SUPPLY, SUSAN RUSSELL, AND JOHN GREIM, by and through their undersigned attorney, pursuant to Federal Rules of Civil Procedure 26 and 37, and file this Motion in Limine to Exclude Testimony of Witness Not Timely Disclosed and to Limit Scope of Testimony of Witness and in support thereof would show:

### I. INTRODUCTION

1) This matter is set for trial on Monday, September 19, 2016.

2) The parties filed their Joint Pretrial Stipulation on September 9, 2016 (Doc 99).

3) Plaintiff's Trial Witness List discloses the names of several trial witnesses for the first time.

### II. FACTS

4) Plaintiff's Initial Disclosures were filed on July 1, 2015. A copy of the text of this

Disclosure is attached hereto as Exhibit "A".

5) The only persons listed on this disclosure as likely to have discoverable information were: John Thomas; Susan Russell, John Greim, Chu Yung Lee, Deloris Galvin, and Pineiro Byrd, PLLC. The depositions of all these persons were taken in this case. (Note: Barry Byrd, Esquire is a partner in the firm Pineiro Byrd, PLLC.)

6) The Plaintiff's Trial Witness List, (Doc 99) includes the following additional names: Karen S. McLead; Jim Eisch; Brian Green; Don Pickett and Edward Kramer. The Witness List is attached hereto as Exhibit "B".

7) Plaintiff has not supplemented the Initial Disclosure as required by Rule 26(e)(1) since the filing of the Initial Disclosure on July 1, 2015.

8) Defendants admit that the witness, Edward Kramer, has been disclosed, or otherwise been made known to Defendants, during the proceeding in Plaintiff's motion for continuance (Doc 83), and do not seek to strike his testimony. Additionally, the names of Karen S. McLead and Jim Eisch were made known to the Defendants during the deposition of John Thomas. Defendants do not seek to strike their testimony.

9) Defendants admit the witness, Don Pickett, has been disclosed for a limited scope only. This will be the subject of another section of this motion.

10) The name of the other newly listed witness, Brian Green, has not been disclosed in a timely manner, by either supplementing of the Initial Disclosure under Rule 26(e)(1), and has not otherwise been made known to Defendants during the discovery process or in writing.

11) Brian Green is listed as an IT Director for PAP. His identity and title were first disclosed in the Plaintiff's Witness List. [1]

---

[1] When the undersigned contacted counsel for Plaintiff today, he was advised that this witness is a rebuttal witness only. However, the witness is not listed solely for rebuttal.

12) The discovery deadline in this case ended on July 15, 2016. (Doc 88)

## III. MEMORANDUM OF LAW

13) Federal Rule of Civil Procedure 26 requires a party to provide certain initial disclosures automatically, including (i) the name, address, and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses. Rule 26 also requires that a party supplement its initial disclosures throughout the course of the litigation at appropriate intervals whenever it learns that the information originally provided turns out to be incomplete. See Fed. R. Civ. P. 26(e)(1).

14) To ensure compliance with Rule 26, Rule 37 provides that any party that:

> Without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use at trial, at a hearing, or on a motion any witness or information not so disclosed.

*See* Fed. R. Civ. P. 37(c)(1) Exclusion is "automatic and mandatory" unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless. *Finley vs. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996).

15) Listing new witnesses after the discovery period has ended and first disclosed on a Pretrial Stipulation is not an appropriate interval and is plainly not reasonable. *See United States vs. Dunn*, No. 04-C-50472, 2007 U.S. Dist. LEXIS 27089, at 9-14 (N.D. Ill., 2007) (holding that testimony of witnesses improperly sprung on the other party on the last day of fact discovery was barred from use at trial) and *Schiller vs. City of New York*, No. 04-Civ.-7921, 2007 U.S. Dist. LEXIS 16935, at 8-15 (S.D.N.Y., 2007) (stating that supplementing initial disclosure three days before the end of discovery was untimely); *Spina vs. Forest Pres.*, No. 98-C-1393, 2001 U.S. Dist. LEXIS

19146, at 33-35 (N.D. Ill., 2001) (excluding testimony of witness disclosed on the last day of discovery) and *Nance vs. Ricoh Electronics*, 381 Fed. Appx. 919, 2010 U.S. App. LEXIS 11385 (11th Cir., 2010) (affirming excluding the testimony of a witness not disclosed, absent proof that failure to disclose was justified or not prejudicial to the other party).

16) Timely updates to Rules 26(a)(1) initial disclosures permit the other party to examine witnesses prior to trial. This would appear to be the main purpose of Rule 26(e). The only employee of PAP disclosed by the Plaintiff is John Thomas, the President. Defendants took his deposition on December 21, 2015. Defendants would have no notice that Plaintiff also intended to rely on the testimony of PAP employee Brian Green. Clearly, as Mr. Green is an employee of PAP, the Plaintiff can not suggest that they just became aware that this person had knowledge of information relevant to the facts of this case. As an issue has arisen in this case since the deposition of Edward Kramer, which was taken in another related case, it could not be argued that the testimony of the IT Director for Plaintiff's testimony is harmless or justified.

17) Plaintiff should be precluded from using the untimely disclosed witness at trial. Plaintiff should not be rewarded for the delay. If parties were able to disclose a witness for the first time on the Pretrial Stipulation (having never disclosed the witness in Rule 26 initial or supplemental disclosure) no litigant would make any disclosure until the last minute. This does not allow the other party to examine their witnesses. Rules 26 and 37 do not permit this litigation tactic.

## IV. ARGUMENT AND MEMORANDUM AS TO TESTIMONY OF DON PICKETT

18) As the result of a discovery hearing held before Magistrate Judge Matthewman, the parties agreed on the record that the Plaintiff could take the deposition of the undersigned on a limited basis, to wit: for the discovery of conversations between the undersigned and the third parties, Barry Byrd, Esquire (attorney for Galvin), and John Kuharcik, Esquire (attorney for the

Landlord, Chu Yung Lee). The hearing also established that written communications and emails between the undersigned and these individuals were discoverable. It was clear at the discovery hearing that the conversations between the undersigned and his clients, and/or communications between the undersigned and his clients were not discoverable as they were protected

19) On December 18, 2015, Plaintiff took the deposition of the undersigned. The deposition was conducted with a clear understanding of its limited scope in order to obtain discovery materials as discussed in the hearing before Magistrate Judge Matthewman. A portion of the transcript of the deposition is attached hereto as Exhibit "C". It is clear from said transcript that all parties involved conducted the deposition with the understanding of it's limited nature and scope:

> Q. Mr. Pickett, can we bypass the ground rules?
> A. Absolutely.
> Q. But in seriousness, I'm not seeking any privileged communications and the same for work product. But I do have some questions for you based on the e-mails that were produced in this case, and we will get started with those.
> A. For the record, I think that this deposition is taken based on a hearing we had before Magistrate Judge Matthewman, and it's basically limited to my conversations with third parties regarding the case, because those will not be protected.
> Q. Right.

(Deposition of Pickett, p 4, lines 17 to 25 and p 5, line 1 to 6.)

20) Plaintiff has now for the first time listed the undersigned as a Witness on the Pretrial Statement. Although there could be some argument that the undersigned has been "know during the discovery process", it is clear that discoverable information that the undersigned might have is limited in scope to those matters that were the subject of the deposition.

21) On reasonable belief, the undersigned believes the Plaintiff now seeks to compel the undersigned to testify at trial on matters beyond the limited scope for which the deposition was taken.

22) Any testimony of the undersigned should be limited in scope to the parameters set forth in the deposition taken December 18, 2015 and the parties' agreement as to the limitations set

forth at the hearing before Magistrate Judge Matthewman.

22) Plaintiff should not be allowed to seek disqualification of the undersigned based on Plaintiff's listing the undersigned as a witness on a limited discovery matter. *See Steinberg vs. Winn-Dixie Stores, Inc.*, 121 So. 2d 622 (Fla. 4th DCA, 2013).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished this 15th day of September, 2016, via e-service to S. Douglas Knox, Attorney for Petitioner, at doug.knox@quarles.com and Zachary S. Foster, Esquire at: Zachary.foster@quarles.com.

/s/ Don Pickett
DON PICKETT, ESQUIRE
FLORIDA BAR #253006
Attorney for Defendants
Pickett, Marshall & Rozenson, P.A.
325 Clematis Street, Second Floor, Suite B
West Palm Beach, FL 33401-4602
Telephone: (561) 655-7383
Facsimile: (561) 659-5155
E-Service Address: pmglaw@bellsouth.net

c:\clients\civil\greim\motion-limine